96670-116614
#940571

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFREY CLEMENS, | ) | CASE NO. 3:07CV2340 |
| | ) | |
| Plaintiff, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | DEFENDANT JANE S. RANDALL'S |
| | ) | ANSWER TO PLAINTIFF'S |
| DAVID A. KATZ, et al., | ) | COMPLAINT |
| | ) | |
| Defendants. | ) | |

\* \* \*

Defendant Jane S. Randall states as follows for her answer to plaintiff's complaint:

## PARTIES

1-8.    Defendant denies, for want of knowledge sufficient to form a belief as to their truth, the allegations contained in paragraphs 1- 8 of plaintiff's complaint.

9.    Defendant admits the allegations contained in paragraph 9 of the complaint.

10-11.    Defendant denies for for want of knowledge sufficient to form a belief as to their truth, the allegations contained in paragraphs 10 and 11 of plaintiff's complaint.

## JURISDICTION

1-3.    Defendant denies the allegations contained in paragraphs 1 - 3 under the heading "Jurisdiction" in plaintiff's complaint.

## ALLEGATIONS

1-12.    Defendant denies, for want of knowledge sufficient to form a belief as to their truth, the allegations contained in paragraphs 1-12 under the heading "Allegations" in plaintiff's complaint.

13. Defendant denies the allegations contained in paragraph 13 of plaintiff's complaint.

14-46. Defendant denies, for want of knowledge sufficient to form a belief as to their truth, the allegations contained in paragraphs 14-46 under the heading "Allegations" in plaintiff's complaint.

47. Defendant admits that she was appointed to represent plaintiff and denies the remaining allegations contained in paragraph 47 of plaintiff's complaint.

48-52. Defendant denies the allegations contained in paragraphs 48-52 of plaintiff's complaint.

53-54. Defendant denies, for want of knowledge sufficient to form a belief as to their truth, the allegations contained in paragraphs 53 and 54 of plaintiff's complaint.

55. Defendant denies the allegations contained in paragraph 55 of plaintiff's complaint.

56. Defendant denies, for want of knowledge sufficient to form a belief as to their truth, the allegations contained in paragraph 56 of plaintiff's complaint.

57. Defendant denies the allegations contained in paragraph 57 of plaintiff's complaint.

58. Defendant admits that plaintiff was eventually transferred to Los Angeles and denies the remaining allegations contained in paragraph 58 of the complaint.

59-60. Defendant denies, for want of knowledge sufficient to form a belief as to their truth, the allegations contained in paragraphs 59 and 60 of plaintiff's complaint.

61-62. Defendant denies the allegations contained in paragraphs 61 and 62 of plaintiff's complaint.

63-81. Defendant denies, for want of knowledge sufficient to form a belief as to their truth, the allegations contained in paragraphs 63-81 of plaintiff's complaint.

82. Defendant admits that at some point plaintiff was released from incarceration and placed on probation through the U.S. Probation Office in Toledo, Ohio and denies the remaining allegations contained in paragraph 82 of plaintiff's complaint.

83-94. Defendant denies, for want of knowledge sufficient to form a belief as to their truth, the allegations contained in paragraphs 83-94 of plaintiff's complaint.

95-97. Defendant denies the allegations contained in paragraphs 95-97 of plaintiff's complaint.

98-114. Defendant denies, for want of knowledge sufficient to form a belief as to their truth, the allegations contained in paragraphs 98-114 of plaintiff's complaint.

115. Defendant admits that during some of the time periods relevant to this complaint she was appointed to represent plaintiff, and denies the remaining allegations contained in paragraph 115 of plaintiff's complaint.

116-119. Defendant denies, for want of knowledge sufficient to form a belief as to their truth, the allegations contained in paragraphs 116-119 of plaintiff's complaint.

120-128. Defendant denies the allegations contained in paragraphs 120-128 of plaintiff's complaint.

129-131. Defendant denies, for want of knowledge sufficient to form a belief as to their truth, the allegations contained in paragraphs 129-131 of plaintiff's complaint.

132-133. Defendant denies the allegations contained in paragraphs 132 and 133 of plaintiff's complaint.

134-135. Defendant denies, for want of knowledge sufficient to form a belief as to their truth, the allegations contained in paragraphs 134 and 135 of plaintiff's complaint.

136. Defendant denies the allegations contained in paragraph 136 of plaintiff's complaint.

137-139. Defendant denies, for want of knowledge sufficient to form a belief as to their truth, the allegations contained in paragraphs 137-139 of plaintiff's complaint.

140-141. Defendant denies the allegations contained in paragraphs 140 and 141 of plaintiff's complaint.

142. Defendant admits that plaintiff requested that defendant withdraw as his counsel by letter dated September 7, 2006 as stated in paragraph 142 of plaintiff's complaint.

143. Defendant admits that a formal motion to withdraw as counsel was filed with the court on October 5, 2006 and denies the remaining allegations contained in paragraph 143 of plaintiff's complaint.

144-146. Defendant denies, for want of knowledge sufficient to form a belief as to their truth, the allegations contained in paragraphs 144-146 of plaintiff's complaint.

147. Defendant denies the allegations contained in paragraph 147 of plaintiff's complaint.

148-164. Defendant denies, for want of knowledge sufficient to form a belief as to their truth, the allegations contained in paragraphs 148-164 of plaintiff's complaint.

## FACTS RELIEF UPON

The portion of plaintiff's complaint captioned "Facts Relied Upon" is a statement by plaintiff of the purported evidence upon which he bases the allegations contained in his complaint and requires no response from defendant other than to incorporate her prior answers to the preceding paragraphs of the complaint.

## CAUSE OF ACTION

1-7. Defendant neither admits nor denies the allegations contained in paragraphs 1-7 under the heading "Cause of Action" since they are not directed to this answering defendant.

4

8.	Defendant denies the allegations contained in paragraph 8 under the heading "Cause of Action."

9-10.	Defendant neither admits nor denies the allegations contained in paragraphs 9 and 10 under the heading "Cause of Action" since they are not directed to this answering defendant.

## REMEDY SOUGHT

The statement under the heading "Remedy Sought" is plaintiff's prayer for damages, which requires no response from this answering defendant, other than to state that plaintiff is not entitled to any relief from this answering defendant.

## AFFIRMATIVE DEFENSES

1.	Plaintiff's complaint fails to state a cause of action against this answering defendant upon which relief can be granted.

2.	Any damages sustained by plaintiff were the result of the acts or omissions of third parties over whom this defendant has no control.

3.	Plaintiff lacks standing to assert some or all of the claims set forth in his complaint.

4.	Some or all of plaintiff's causes of action against this answering defendant are barred by the applicable statute of limitations.

5.	Some or all of plaintiff's allegations are or have been the subject of other litigation and therefore, plaintiff's claims are barred by the doctrines of *res judicata*, issue preclusion and/or collateral estoppel.

6.	To the extent that plaintiff would otherwise be entitled to any recovery as alleged in the complaint, any such recovery is barred by the reasons of his express, implied, and primary assumption of risk.

7. To the extent applicable, the doctrines of waiver, estoppel, judicial estoppel, set-off, laches, accord and satisfaction, acquiescence, compromise and settlement and avoidable consequences, bar or limit any relief to which plaintiff might otherwise be entitled.

8. Plaintiff has failed to mitigate his alleged damages and any recovery to which he might otherwise be entitled should be barred or reduced accordingly.

9. Plaintiff's alleged losses, injuries or damages were proximately caused in whole or in parts by the acts or omissions of third-parties not under the control of this answering defendant and their acts or omissions constitute intervening, superceding causes.

10. Plaintiff lacks standing to assert some or all of the claims set forth in his complaint.

11. Any losses, damages or injuries alleged by plaintiff in his complaint are di minimis and not compensable.

12. Plaintiff's own negligent acts and omissions caused or contributed in whole or in part to the losses, damages and injuries alleged in plaintiff's complaint and are barred or limited thereby.

13. Plaintiff's own intentional acts and omissions caused or contributed in whole or in part to the losses, damages and injuries alleged in plaintiff's complaint and are barred or limited thereby.

14. Plaintiff has failed to exhaust administrative, judicial and other remedies, and accordingly the within litigation as barred.

15. The professional judgement rule is a bar to this legal malpractice claim.

16. Plaintiff's claims are premature and are not ripe for adjudication.

17. No attorney/client relationship between plaintiff and this answering defendant existed and, therefore, this defendant owed plaintiff no duty; this answering defendant breached no duty owed to plaintiff by her.

18. Any recovery to which the plaintiff might otherwise be entitled is barred by reason of superceding, intervening causes, operating to break any chain of proximate causation which might otherwise exist.

19. Plaintiff's complaint against this answering defendant is barred by the doctrine of qualified immunity.

20. Plaintiff's complaint is frivolous.

21. To the extent plaintiff is entitled to any recovery as alleged in his complaint, any such recovery is barred by the plaintiff's unclean hands.

22. Defendant reserves the right to add defenses as they become known during the course of this litigation.

**WHEREFORE**, having fully answered, defendant Jane S. Randall requests that the complaint against her be dismissed at plaintiff's costs.

Respectfully submitted,

_s/ Sheila A. McKeon_
**ROBERT H. EDDY (0030739)**
**SHEILA A. McKEON (0012067)**
**LORI E. BROWN (0071480)**
Gallagher Sharp
420 Madison Avenue, Suite 1250
Toledo, Ohio 43604
Tel.: 419-241-4860
Fax: 419-241-4866
E-Mail: reddy@gallaghersharp.com
smckeon@gallaghersharp.com
*Attorneys for Defendant Jane S. Randall*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Defendant Jane S. Randall's Answer to Plaintiff's Complaint* was filed electronically this 17th day of September 2007 and notice of this filing will be sent to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's system.

A copy was also served via regular U.S. Mail upon Jeffrey L. Clemens, Plaintiff, 412 Dockway Drive, Huron, Ohio 44839.

        s/ Sheila A. McKeon
        **SHEILA A. MCKEON** (0012067)
        *Attorney for Defendant Jane S. Randall*