IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Jeffrey L. Clemens, | Case No. 3:07 CV 2340 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Charlene A. Cassel, et al., | |
| Defendants. | |

This matter is before the Court on Defendant Cassel's Motion to Dismiss (Doc. No. 7, Attach. 2), Plaintiff's Motion to Reinstate Previously Withdrawn Parties (Doc. No. 11), Defendant Sozio's Motion to Dismiss (Doc. No. 15), and Plaintiff's Motion for Immediate Remand to State Court with respect to Defendants Cassel and Randall (Doc. No. 9).

The Court conducted a record Hearing on September 19, 2007, addressing these Motions. Present were: Jeffery Clemens *pro se* as Plaintiff; Carl Cormany, Sheila McKeon, and Lynne Buck as counsel for Defendants.

At the Hearing, Plaintiff voluntarily withdrew his Motion to Reinstate Parties with respect to former Defendants Katz, Greenawalt, Armstrong, and Weldon; and Plaintiff voluntarily dismissed the United States as a defendant. Defendant Cassel's Motion to Strike or Disregard Plaintiff's Opposition to Reply Brief (Doc. No. 19) was denied. Prior to the Hearing, Plaintiff voluntarily dismissed Defendants Gavin De Becker and Sotelo (Doc. Nos. 21 and 7, Attach. 4).

**BACKGROUND**

Defendant, Dr. Charlene Cassel, is a psychologist at Court Diagnostic and Treatment Center in Toledo, Ohio (Doc. No. 2, Attach. 1). Plaintiff was ordered to undergo an evaluation at Court Diagnostic and Treatment Center by Ruth Granberry, probation officer for the U.S. Probation Office in Toledo, Ohio. On March 22, 2006, Plaintiff participated in the ordered evaluation which consisted of intake, written tests, and a psychological evaluation by Dr. Cassel.

Defendant Granberry was assigned as Plaintiff's probation officer in Toledo, Ohio after his release on February 7, 2006. Defendant Granberry has continued to be in contact with Plaintiff during his supervised release.

Defendant Sozio is a U.S. Secret Service Agent who was assigned to a security detail at Yankee Stadium. Plaintiff alleges Defendant Sozio inquired into matters that involved both civil and criminal actions relating to Plaintiff.

Defendant Randall is an attorney appointed by Magistrate Judge Armstrong in May 2005 to represent Plaintiff in Toledo on preliminary matters relating to a federal charge in California. In August 2006, Magistrate Judge Armstrong again appointed Defendant Randall to represent Plaintiff when he returned to Toledo and was charged with several violations of supervised release. Plaintiff asked to have Defendant Randall removed as his attorney in September 2006.

**DISCUSSION**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curium), the Court is required to dismiss an action if the complaint fails to present "enough facts to state claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, _____ U.S. _____ , 127 S.Ct. 1955, 1974 (2007).

*Absolute Immunity for Defendant Cassel*

Dr. Cassel argues she is entitled to absolute immunity for the claims that arose out of her court directed psychological examination. Plaintiff maintains (Doc. No. 7, Attach. 3) the examination was not sponsored or directed by the Court and, therefore, Dr. Cassel did not have absolute immunity. Defendant and Plaintiff both filed reply briefs on the issue (Doc. Nos. 4 and 10).

Absolute immunity bars a suit from the outset, and is available to judicial and quasi-judicial officers performing their duties. *See Kurwaza v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984). Quasi-judicial officers include officials within the U.S. Probation Office, an arm of the United States District Court, and psychiatrists appointed by the courts or other judicial entities. *Id.*

Plaintiff was required by his probation officer, Defendant Granberry, to attend a psychological examination at Court Diagnostic and Treatment Center, and Dr. Cassel was assigned to perform the evaluation. When Dr. Cassel evaluated Plaintiff, she was under the direction of the Probation Office, an arm of the United States District Court, and acted in a quasi-judicial capacity, thereby granting her absolute immunity. Dr. Cassel's absolute immunity bars Plaintiff's claims.

*Absolute Immunity for Defendant Granberry*

Plaintiff requested Defendant Granberry be reinstated as a party arguing that following removal of the case to this Court "[c]ircumstances are now dramatically different with respect to [this] defendant, the court, and the issues at hand" (Doc. No. 11, p. 1). Defendant Granberry argues circumstances have not changed and that she has absolute immunity from Plaintiff's claims.

In neither Plaintiff's Motion to Reinstate Previously Withdrawn Parties nor during his oral argument did he provide any explanation of how moving this case from state court to federal court changed the case, "dramatically" or otherwise. The Court finds no reason to reinstate a party that had

been previously withdrawn by Plaintiff "for purposes of efficient case management" (Doc. No. 6). In addition, Defendant Granberry is a probation officer for the U.S. Probation Office, and as such, she enjoys the same absolute immunity also granted to Dr. Cassel.

### *Qualified Immunity for Defendant Sozio*

Defendant Sozio argued that dismissal of claims against him was appropriate because he had qualified immunity and there was insufficient service.[1]  Plaintiff maintains (Doc. No. 20) Defendant Sozio acted in a private interest and with malice.

Qualified immunity from suit is granted to "government official enforcing discretionary functions generally . . . insofar as their conduct does not violate clearly established constitutional or statutory rights which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Claims of qualified immunity first require Plaintiff to show, with the facts of the Complaint taken in the light most favorable to Plaintiff, that the government official's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  The burden of proof is on Plaintiff to show Defendant Sozio is not entitled to qualified immunity once the defense has been raised. *See Sheets v. Mullins*, 287 F.3d 581, 586 (6th Cir. 2002).  The certification by the United States Attorney is *prima facie* evidence that Sozio's conduct is within the scope of employment necessary for the protection of qualified immunity. *See Singleton v. United States*, 277 F.3d 864, 870 (6th Cir. 2002).

---

[1] Because the Court dismisses the claim based on qualified immunity, the issue of insufficient service is not addressed.

Plaintiff provided no plausible arguments as to why Defendant Sozio's conduct fell outside the scope of his employment, and further, his Complaint identifies no plausible constitutional violation. Therefore, the United States Attorney's certification prevails and the qualified immunity defense makes dismissal appropriate.

### *Remand*

Plaintiff requested the claims against Defendants Cassel and Randall be severed from the federal claims and remanded back to state court.

Title 28.U.S.C. § 1367(a) provides in pertinent part that:

> . . . in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

The Court may, in its discretion, decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

With the dismissal or voluntary withdrawal of all federal claims, the only remaining claim is a state law claim against Defendant Randall. All claims over which the Court had original jurisdiction have been dismissed, and, therefore, for judicial economy and under 28 U.S.C. § 1367(c)(3), the Court remands the case back to the Lucas County Court of Common Pleas. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) (district courts have discretion to remand cases when no federal claims remain); *Long v. Bando Mfg. Of America, Inc.*, 201 F.3d 754, 761 (6th Cir. 2000) (remand is appropriate when all federal claims have been dismissed).

**CONCLUSION**

For the reasons stated above, Defendant Cassel's Motion to Dismiss is granted, Plaintiff's Motion to Reinstate Previously Withdrawn Parties with respect to Defendant Granberry is denied, Defendant Sozio's Motion to Dismiss is granted, and Plaintiff's Motion for Immediate Remand to State Court is denied in part (Defendant Cassel) and granted in part (Defendant Randall).

IT IS SO ORDERED.

                                           s/ *Jack Zouhary*
                                           JACK ZOUHARY
                                           U. S. DISTRICT JUDGE

                                           September 26, 2007